UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CR-00456-CDP |
| | ) | |
| DEVON GILL, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree as follows:

### 1.   PARTIES

The parties are the defendant Devon Gill, represented by defense counsel Charles J. Banks, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.  This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.  The Court is neither a party to nor bound by this agreement.

### 2.   GUILTY PLEA

**A.**   **The Plea:**   Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Count I and Count II of the Indictment, the Government agrees to dismiss Count III of the Indictment at sentencing.  The Government also agrees that no further federal prosecution will be brought in this District relative to the Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

1

**B.**     **The Sentence:**     The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties jointly recommend a sentence of 78 months. The parties further recommend that the Court credit the six-month sentence already served and imposed for the Defendant's violations of the terms of his supervised release in related Case No. 4:19-cr-00060-RLW to the jointly recommended sentence. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

3.     **ELEMENTS**

**A.**     **Count I:** As to Count I, the Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

    **(i)**     The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

    **(ii)**     The Defendant, thereafter, knowingly possessed one or more firearms;

    **(iii)**     At the time the Defendant knowingly possessed one or more firearms, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

    **(iv)**     The firearms were transported across a state line at some point during or before the Defendant's possession of them.

**B.**     **Count II:** As to Count II, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

2

(i)     The Defendant was in possession of methamphetamine, a Schedule II controlled substance drug;

(ii)    The Defendant knew that he was in possession of a mixture or substance containing methamphetamine; and,

(iii)   The Defendant intended to distribute some or all of the mixture or substance containing methamphetamine to another person.

4.   **FACTS**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

The Defendant's three-year term of supervised release began on April 23, 2021, following a 32-month sentence for the offense of Felon in Possession of a Firearm.  *See* Case No. 4:19-CR-00060-RLW.  The Honorable Ronnie L. White entered a Judgment for Revocation on August 3, 2022, and sentenced the Defendant to six months in the Bureau of Prisons.

During a home visit in January 2022 to the Defendant's address at 800 Olive St., Apt. 616, St. Louis, MO 63103, the Defendant's probation officer spotted a gun safe which Defendant refused to open upon request.  The probation office had also been previously alerted by a treatment provider that the Defendant may be dealing fentanyl.  The probation office obtained permission to conduct a search and on February 23, 2022, the probation office's Special Response Team ("SRT") searched the Defendant, his car, and his house.  Inside of a backpack found in the master bedroom of the Defendant's apartment, SRT officers found:

3

- A loaded black M&P Shield EZ 9mm handgun with laser attachment (serial number RET3075);

- A black Glock 23, Gen 4, .40 caliber semi-automatic handgun (serial number RTV888) with a black .40 caliber drum magazine (fifty round capacity) loaded with thirty-nine bullets;

- A box of ammunition containing six PMC .40 caliber rounds;

- An empty black Magpul 30 round rifle magazine;

- A black Glock .40 caliber magazine containing nine RP .40 caliber rounds, one RP .40 caliber hollow point round, and three SPEER .40 caliber rounds; and,

- A Digit Z, Blue2-1000 digital scale; and,

- A check stub issued to the Defendant from Southside Temporaries dated October 8, 2021.

Inside of the front left-pocket of a black jacket hanging on a stool in the kitchen, officers also found a small plastic baggie containing numerous multi-colored pills along with a temporary state identification card issued to the Defendant.

After being Mirandized, the Defendant admitted that the small plastic baggie containing the multi-colored pills belonged to him and identified the pills as narcotics. The Defendant also admitted to ownership of the black backpack. Further investigation also revealed that the black M&P Shield EZ 9mm (serial number RET3075) firearm was stolen.

The M&P Shield EZ 9mm (serial number RET3075) and the Glock 23, Gen 4, .40 caliber semi-automatic (serial number RTV888) firearms that the Defendant knowingly possessed were determined by an expert firearms examiner to have been manufactured outside the State of Missouri, and, therefore, the firearms had been transported across state lines and in interstate

commerce prior to or during Defendant's possession of them. The M&P Shield EZ 9mm handgun and the Glock 23 handgun can expel a projectile by the action of an explosive and are, therefore, "firearms" as defined under federal law.

Prior to February 23, 2022, the Defendant was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year. At the time the Defendant possessed the M&P Shield EZ 9mm and the Glock 23 firearms, he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

The suspected controlled substances were submitted to and analyzed by an expert criminalist with the St. Louis City Metropolitan Police Department Crime Laboratory. The suspected controlled substances were confirmed to be methamphetamine, a Schedule II drug. The total weight of the 198 multi-colored round tablets, tablet pieces, and powder was 21.54 grams. The Defendant knew the substances were controlled substances. The Defendant intended to distribute the methamphetamine given the large quantity of methamphetamine in his possession along with the digital scale and multiple firearms with extended magazines and loose ammunition. The Defendant's criminal history also indicates a prior conviction for distribution of illegal drugs. The Defendant pled guilty to two felony counts of distribution of cocaine base and one felony count of possession with intent to distribute marijuana here in the Eastern District of Missouri in April 2005. The Defendant admits knowingly possessing these controlled substances with the intent to distribute some or all of them to another individual.

5.   **STATUTORY PENALTIES**

   A.   **Statutory Penalties**: The Defendant fully understands that the maximum possible penalty provided by law for the crimes to which the Defendant is pleading guilty are:

(i)      **Count I (Felon in Possession of One or More Firearms)**:  Imprisonment of not more than ten years, a fine of not more than $250,000, or both such imprisonment and fine.  The Court also may impose a period of supervised release of not more than three years.

In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), the Defendant may be subject to a mandatory minimum sentence of 15 years and a maximum sentence greater than described above.  The Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to the Defendant's sentence.  However, both parties retain the right to litigate whether Section 924(e) applies to the Defendant's sentence.

(ii)      **Count II (Possession with Intent to Distribute Methamphetamine)**: Imprisonment of no more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine.  The Court shall impose a period of supervised release of at least three years.

6.     **U.S. SENTENCING GUIDELINES: 2021 MANUAL**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

A.     **Offense Conduct:**

**COUNT I**
**FELON IN POSSESSION OF A FIREARM**

(i)      **Chapter 2 Offense Conduct**:

(a)      **Base Offense Level**:  The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of the Defendant's criminal history and the characteristics of the firearm. The Base Offense Level may also be determined under Section 4B1.4 if the Defendant is determined to be an Armed Career Criminal.

(b)      **Specific Offense Characteristics**:   The parties agree that the following Specific Offense Characteristics apply: (1) a two-level increase pursuant to §2K2.1(b)(4) because the Defendant possessed a stolen firearm, namely the black M&P Shield EZ 9mm (serial number RET3075); (2) a four-level increase pursuant to §2K2.1(b)(6)(B) because the Defendant possessed the firearms in connection with another felony offense.

(ii)      **Chapter 3 and 4 Adjustments**:

(a)      **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility.  If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based

7

upon the information known at the present time and that any actions of the Defendant which occur

or which become known to the United States subsequent to this agreement and are inconsistent

with the Defendant's acceptance of responsibility including, but not limited to criminal conduct,

are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section

3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain

valid and in full force and effect.

      **(b)**    **Other Adjustments:** The parties have no further agreement

regarding any other adjustments.

**COUNT II**
**POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE**

      **(i)**    **Chapter 2 Offense Conduct**:

      **(a)**    **Base Offense Level**: The parties agree that the Defendant is

accountable for possessing with intent to distribute more than 20 grams of methamphetamine,

resulting in a Base Offense Level of 18, as found in Section 2D1.1(c)(11).

      **(b)**    **Specific Offense Characteristics**: The parties agree that the

following Specific Offense Characteristics apply: a two-level increase is warranted pursuant to

§2D1.1(b)(1) because a firearm was possessed.

      **(ii)**    **Chapter 3 and 4 Adjustments**:

      **(a)**    **Acceptance of Responsibility:** The parties recommend that two

levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the

Defendant has clearly demonstrated acceptance of responsibility.  If the deduction pursuant to

Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then

the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section

8

3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**(b)** **Other Adjustments:**   The parties have no further agreement regarding any other adjustments.

**B.** **Estimated Total Offense Level:** Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

**(i)** **Count I:**   The parties agree that with respect to Count I, the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above, unless the Defendant is an Armed Career Criminal. Depending on the underlying offense and the Defendant's criminal history, the Defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If

the Court finds the Defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not an Armed Career Criminal.

      **(ii)**   **Count II**:    The parties agree that the Total Offense Level for Count II is 20, unless the Defendant is a Career Offender. Depending on the underlying offense and the Defendant's criminal history, the Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds the Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

    **C.**   **Criminal History:**   The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

    **D.**   **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made above but

reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7.   **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**

a. **Appeal:**  The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which the Defendant is pleading guilty, and whether the Defendant's conduct falls within the scope of the statute(s).

(2) **Sentencing Issues:**  In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining the applicable Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, adopts the agreed Total Offense Level, and sentences the Defendant within or above that range.

b. **Habeas Corpus:**  The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

11

c. **Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER**

a. **Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Government Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation, or administrative action against the Defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crimes that the Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

**d.** **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.** **Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.** **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g.** **Forfeiture:** The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The Defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the Defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

**9.** **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**

In pleading guilty, the Defendant acknowledges, fully understands and, hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried

by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; and the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the Government's case and any defenses.

## 10.  VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT

This document constitutes the entire agreement between the Defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any

agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11.  CONSEQUENCES OF POST-PLEA MISCONDUCT

After pleading guilty and before sentencing, if the Defendant commits any crime other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the Government, at its option, may be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.  NO RIGHT TO WITHDRAW GUILTY PLEA

Pursuant to Federal Rule of Criminal Procedure 11(c) and (d), the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

15

10/17/22
Date

NINO PRZULJ, #68334MO
Special Assistant United States Attorney

10/17/22
Date

DEVON GILL
Defendant

10/17/22
Date

CHARLES J. BANKS, #60027MO
Attorney for Defendant

16